UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

RAUL MORENO, an individual,

     Plaintiff,

vs.

R & L CARRIERS SHARED SERVICES, LLC,
an Ohio Limited Liability Company,

     Defendant.
_____/

## **COMPLAINT**

1.    Plaintiff, RAUL MORENO (hereinafter referred to as "Plaintiff" and "MORENO"), was an employee of Defendant, R & L CARRIERS SHARED SERVICES, LLC, and brings this action against Defendant for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553 (the "ADAAA"), and the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq*.

2.    MORENO is an individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.    Defendant, R & L CARRIERS SHARED SERVICES, LLC (referred to as "R & L CARRIERS" and "Defendant"), an Ohio Limited Liability Company, has at all times material to this Complaint had its main corporate office at 600 Gillam Road, Wilmington, Ohio 45177 and has owned and operated a freight carrier business engaged in the pick-up and delivery of goods throughout the United States at multiple locations including with operations in Florida at the

Miami Service Center located at 1000 NW 209th Avenue, Pembroke Pines, Florida, 33029 in Broward County, within the jurisdiction of this Court.

4.     Jurisdiction is conferred on this Court by  28 U.S.C. §1332, §1337, §1367 and 29 U.S.C. §12101.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because all of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

6.     At all times material to this action, MORENO was an "employee" of R & L CARRIERS within the meaning of the ADAAA, 42 U.S.C. §12111(4),

7.     At all times material to this action, MORENO  was an "aggrieved person" within the meaning of the FCRA, F.S. §760.02(10).

8.     At all times material to this action, R & L CARRIERS was an "employer" of MORENO within the meaning of the ADAAA, 42 U.S.C. §12111(5), and the FCRA, F.S. §760.02(7), because Defendant was a business engaged in interstate commerce and had Fifteen (15) or more employees in each of Twenty (20) or more calendar weeks in the current or preceding year.

9.     In approximately late October 2018, R & L CARRIERS hired MORENO as a Dispatcher/Dock Supervisor at Defendant's Miami Service Center and Plaintiff's duties primarily consisted of working with Defendant's dock workers and doing the routing for nightly delivery routes.

10.     At all times material to this action, MORENO was an individual with one or more chronic medical conditions, including but not necessarily limited to a lung disorder known as

Bronchiectasis,[1] which affects, *inter alia*, Plaintiff's respiratory and immune systems, and which caused occasional, periodic flare ups—including but not limited to difficulty breathing, fever, and coughing up blood as a result of MORENO's bronchial tubes being damaged—throughout the course of MORENO's employment with R & L CARRIERS between approximately October 2018 and June 2019.

11.     More specifically, beginning in approximately mid-February 2019 and continuing over a period of approximately four (4) months through June 2019, MORENO received medical treatment for and was absent from work at R & L CARRIERS on a total of approximately ten (10) to fifteen (15) work days because of Bronchiectasis and Plaintiff's medical conditions.

12.     In approximately February 2019, MORENO began asking R & L CARRIERS about a formal leave of absence/time off request as an accommodation for Bronchiectasis and Plaintiff's medical conditions.

13.     However, R & L CARRIERS' Terminal/Service Center Manager, Jack Hernandez, told MORENO in or around February 2019 that a formal leave of absence did not need to be requested at that time for MORENO's medical conditions because Plaintiff could miss time from work since his absences were because of Plaintiff's medical conditions.

14.     At all times material to this action, MORENO satisfactorily performed his essential job duties as a Dispatcher/Dock Supervisor for R & L CARRIERS.

15.     At all times material to this action, MORENO suffered from a "physical impairment" within the meaning of the ADA, 29 C.F.R. §1630.2(h)(1), as a result of MORENO's chronic lung disorder and resulting medical issues which were ongoing between approximately October 2018 and June 2019, including but not limited to Plaintiff suffering from a physiological

---

[1] MORENO was diagnosed with Bronchiectasis in approximately February 2019.

disorder or condition affecting one or more of MORENO's major bodily functions, including but not limited to Plaintiff's lungs, and Plaintiff's body systems including but not necessarily limited to MORENO's respiratory and immune systems.

16.     In April 2019, MORENO formally requested R & L CARRIERS provide Plaintiff with an accommodation for Bronchiectasis and Plaintiff's medical conditions, through intermittent leave/time off.

17.     In or around April 2019, R & L CARRIERS switched MORENO from Miami-Dade routes to Broward routes and Plaintiff did the new route too.

18.     In late April 2019, R & L CARRIERS disciplined MORENO written discipline that was intended to be a suspension for the asserted reasons that Plaintiff (a) engaged in unprofessional or disrespectful conduct; and (b) was under the influence of alcohol at work.

19.     Significantly, it took R & L CARRIERS multiple weeks until approximately April 22, 2019 for Defendant to even provide MORENO with forms in connection with Plaintiff's accommodation requests, as a result of which Plaintiff returned to Defendant in approximately mid-May 2019 completed paperwork from MORENO's doctor, Dr. Hugo F. Gonzalez of Pulmonary Physicians of South Florida.  See Exhibit A.

20.     In addition, on a continuing basis between approximately April 2019 and June 2019, R & L CARRIERS' Managers made disparaging statements about MORENO's medical conditions, which statements MORENO complained about and expressly objected to Plaintiff by telling them not to make fun of his health, including but not necessarily limited to Regional Manager, Kenny Brown, telling Plaintiff:  "Your sick ass does not belong here" and Franco, Defendant's Dispatcher, making fun of MORENO's persistent cough.

21.     On June 12, 2019, R & L CARRIERS issued MORENO a written denial of Plaintiff's accommodation request, see Exhibit B, despite detailed, specific information having been provided to Defendant by Dr. Hugo F. Gonzalez, for Bronchiectasis and Plaintiff's medical conditions—and which requested accommodation by Plaintiff consisted of intermittent leave to provide MORENO with an occasional day off from work because of Bronchiectasis and Plaintiff's medical conditions such as, for example, one (1) day within a work week when Plaintiff was experiencing a flare up because, *inter alia*, the walls of MORENO's airways (known as bronchi) had become thickened as a result of chronic inflammation and/or infection and mucus accumulated in Plaintiff's system, thereby making it difficult for MORENO to breathe while also battling infection(s) from certain bacteria.

22.     After receiving R & L CARRIERS' June 12, 2019 denial of MORENO's ADAA accommodation request, Plaintiff communicated with Christy Roberts, Benefits Coordinator in Defendant's Human Resources Department, at which time Ms. Roberts asserted that information was "missing" from Dr. Hugo F. Gonzalez's forms for Plaintiff, which Plaintiff nonetheless offered to try and supplement to R & L CARRIERS despite the detailed information already provided by Dr. Gonzalez.

23.     On or around June 17, 2019, R & L CARRIERS' Terminal Manager, Jack Hernandez,  called MORENO and instructed Plaintiff not to come to work that evening because there purportedly wasn't specific enough information from my doctor in the ADAA accommodation request I'd previously submitted to Defendant.

24.     On or around June 18, 2019, Jack Hernandez notified MORENO that Defendant was terminating Plaintiff's employment purportedly because MORENO had unexcused absences from work for unexplained reasons, but Mr. Hernandez further told MORENO to have Plaintiff's

doctor send further information to R & L CARRIERS about Plaintiff's medical condition in order for MORENO's employment to be reinstated.

25.     On or around June 19, 2019, MORENO's doctor, Dr. Hugo F. Gonzalez, sent R & L CARRIERS a supplemental letter, see Exhibit C—a copy of which MORENO himself also took a picture and sent directly to Jack Hernandez—explaining:  (a) that Plaintiff was being treated for Bronchiectasis, which Dr. Gonzalez explained: was a chronic condition that can cause intermittent recurrent broncho-pulmonary infections, including a Mycobacterial pulmonary infection that Dr. Gonzalez had identified in MORENO; (b) Plaintiff had been experiencing episodic flare ups that had already caused MORENO to be absent from work and may continue to cause Plaintiff to need time off from work intermittently; and (c) when MORENO's symptoms flared up, the frequency and duration would be one (1) to three (3) days weekly.

26.     On June 28, 2019, R & L CARRIERS sent MORENO a letter documenting the termination of Plaintiff's employment.  See Exhibit D.

27.     R & L CARRIERS failed to provide MORENO with accommodations for Plaintiff's disability/handicap and medical conditions and Defendant instead subjected MORENO to discrimination, disparate treatment, and retaliation because of MORENO's respiratory and immune system conditions by Defendant, inter alia: (a) harassing and discriminating against MORENO because of his disability/handicap; (b) denying MORENO's request for a reasonable accommodation for Plaintiff's disability/handicap; and (c) terminating MORENO's employment in June 2019 based upon false and/or pretextual grounds because of Plaintiff's disability/handicap and/or in retaliation for Plaintiff having sought an accommodation and objected to the harassment by Defendant's managers, all in violation of the ADA and FCRA.

28.     The reasons proffered by R & L CARRIERS in June 2019 for terminating MORENO's employment were false and known to be false by Defendant at the time of Plaintiff's termination and instead were a pretext for disability/handicap discrimination and retaliation against MORENO in violation of the ADA and FCRA.

## EXHAUSTION OF ADMINISTRATVIE REMEDIES

29.     On October 3, 2019, MORENO filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and Florida Commission for Human Relations (FCHR) Charge No. 510-2020-00064 alleging that he had been subjected to disability/handicap discrimination and retaliation in violation of the Americans with Disabilities Act and the Florida Civil Rights Act.  A copy of MORENO's Charge of Discrimination is attached hereto as Exhibit E.

30.     On or around January 28, 2020, the EEOC issued a Dismissal and Notice of Suit Rights to MORENO in connection with Charge No. 510-2020-00064.  See Exhibit F.

31.     MORENO's Complaint in this action is being filed with the Court on April 20, 20120 within Ninety (90) days of MORENO's receipt in February 2020 of the EEOC's Dismissal and Notice of Suit Rights for Charge No. 510-2020-00064.

32.     As of April 23, 2020, One Hundred and Eighty (180) days have passed since the filing of MORENO's Charge of Discrimination in October 2019 and the FCHR did not issue any determination concerning MORENO's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," MORENO has exhausted all administrative remedies under Florida as well as Federal law

and/or all conditions precedent to the institution of this action under the law have either occurred or been waived.

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

Plaintiff, RAUL MORENO, reasserts and reaffirms the allegations of Paragraphs 1 through 32 as if fully set forth herein and further states that this is an action against R & L CARRIERS SHARED SERVICES, LLC for disparate treatment and disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*., as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553. ("ADAAA").

33.    The Americans with Disabilities, the ADA and ADAAA, 42 U.S.C. §12112(a), prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

34.    At all times material to this action, MORENO suffered from Bronchiectasis and/or a chronic lung disorder or other medical conditions which affected Plaintiff's respiratory and/or immune systems and which manifested physical problems during MORENO's employment with R & L CARRIERS between approximately February 2019 and June 2019.

35.    At all times material to this action, MORENO suffered from one or more "physical impairments" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(h)(1), as a result of Bronchiectasis and/or a chronic lung disorder or other physiological disorders or conditions which affected (a) MORENO's respiratory and/or immune systems; and (b) one or more of MORENO's major bodily functions, including but not necessarily limited to MORENO's lungs and Plaintiff's breathing.

36.     At all times material to this action, MORENO was substantially limited in one or more "major life activities" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(i), including but not necessarily limited to walking, standing, breathing, and working, as well as the operation of one or more of Plaintiff's major bodily functions including but not necessarily limited to functions of his immune and respiratory, systems.

37.     At all times material to this action, MORENO was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by R & L CARRIERS as a person with such impairments.

38.     At all times material to this action, MORENO had to endure substantial limitations as a result of Bronchiectasis and Plaintiff's related medical conditions within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(j), because MORENO's conditions substantially limited Plaintiff's ability to perform one or more major life activities—including but not necessarily limited to, walking, standing, breathing, and working—as compared to most people in the general population.

39.     At all times material to this action, MORENO has been "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(A), because MORENO's chronic Bronchiectasis and related medical conditions are actual physical impairments that substantially limit one or more of MORENO's major life activities.

40.     In addition, at all times material to this action, MORENO has also been "disabled" within the meaning of the ADA and ADAAA, 42 U.S.C. §12102(1)(C), because MORENO was regarded by R & L CARRIERS as having a physical impairment that substantially limited one or

more of his major life activities as a result of MORENO's Bronchiectasis and related medical conditions.

41.     At all times material to this action, MORENO was a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of his job as a Dispatcher/Dock Supervisor for R & L CARRIERS between approximately October 2018 and June 2019 with or without reasonable accommodation by Defendant.

42.     At all times material to this action, MORENO was a "qualified individual with a disability" within the meaning of the ADA and ADAAA, 29 C.F.R. §1630.2(m) and 42 U.S.C. §12111(8), because MORENO possessed the requisite skill and experience to carry out his duties for R & L CARRIERS between approximately October 2018 and June 2019, and MORENO likewise was capable of performing the essential functions of his job despite MORENO's disability, with or without reasonable accommodation(s) by R & L CARRIERS.

43.     Further, MORENO was also qualified for his job with R & L CARRIERS between approximately October 2018 and June 2019 within the meaning of the ADA and ADAAA, 42 U.S.C. §12111(8) & (9), even in the face of the impact of MORENO's Bronchiectasis and chronic medical conditions because R & L CARRIERS could have and should have provided MORENO with reasonable accommodation(s) including but not limited to time off, modified work schedule(s), and/or breaks from work because of Plaintiff's medical conditions.

44.     On multiple occasions between approximately October 2018 and June 2019, R & L CARRIERS subjected MORENO to disparate treatment, harassment, and discrimination in violation of 42 U.S.C. §12112 which was motivated by MORENO's disability and Defendant discriminated against MORENO because of his disability in violation of 42 U.S.C. §12112,

including but by R & L CARRIERS, *inter alia*: (a) harassing MORENO because of his disability/handicap; (b) disciplining Plaintiff in approximately late April 2019 for the asserted reasons that Plaintiff (i) engaged in unprofessional or disrespectful conduct; and (ii) was under the influence of alcohol at work; (c) denying MORENO's request for a reasonable accommodation for Plaintiff's disability/handicap; and (d) terminating MORENO's employment in June 2019 based upon false and/or pretextual grounds because of Plaintiff's actual or perceived disability.

45.     R & L CARRIERS terminated MORENO's employment in June 2019 because of MORENO's actual and/or perceived disability, in violation of 42 U.S.C. §12112(a).

46.     The reasons proffered by R & L CARRIERS in June 2019 for terminating MORENO's employment were false and a pretext for discrimination against MORENO because of his disability in violation of 42 U.S.C. §12112(a).

47.     R & L CARRIERS knowingly and willfully engaged in conduct prohibited by the ADA and ADAAA against MORENO because of his disability so as to discourage, dissuade and/or otherwise dishearten MORENO.

48.     MORENO's actual and/or perceived disability was a motivating factor in R & L CARRIERS' decision to terminate MORENO's employment in June 2019, in violation of 42 U.S.C. §12112.

49.     R & L CARRIERS' violations of the ADA and ADAAA were intentional and were done with malice or reckless indifference to MORENO's rights guaranteed under the laws of the United States.

50.     MORENO has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of R & L CARRIERS' violations of the ADA and ADAAA.

51.     MORENO has retained the undersigned counsel to represent him in this action and pursuant to 42 U.S.C. §12205, MORENO is entitled to recover all reasonable attorneys' fees and costs from R & L CARRIERS.

WHEREFORE, Plaintiff, RAUL MORENO demands judgment against Defendant, R & L CARRIERS SHARED SERVICES, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT,**
**F.S. §760.10  - DISCRIMINATION BASED ON HANDICAP**

Plaintiff, RAUL MORENO, reasserts and reaffirms the allegations set forth in paragraphs 1 through 32 above and further states that this is an action against R & L CARRIERS SHARED SERVICES, LLC for handicap discrimination in violation of the Florida Civil Rights Act, F.S. §760.10 *et seq.*

52.     Florida Statutes §760.10(1)(a) provides that: "It is unlawful employment practice for an employer:  To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status." Id. (emphasis added).

53.     At all times material to this action, MORENO suffered from a chronic and/or permanent medical condition as a result of a Bronchiectasis and his related medical conditions, which conditions constitute an actual or perceived "handicap" within the meaning of the FCRA, as MORENO's conditions were chronic and manifested physical problems including during

MORENO's employment with R & L CARRIERS, including but not necessarily limited to MORENO's ability to breathe and work because of his conditions.

54.     At all times material to this action, MORENO was a qualified individual with a handicap within the meaning of the FCRA because MORENO possessed the requisite skill and experience to carry out his duties as a Dispatcher/Dock Supervisor for R & L CARRIERS and MORENO likewise was capable of performing the essential functions of his job despite Plaintiff's handicap, with or without reasonable accommodation(s) by R & L CARRIERS.

55.     Further, MORENO was also qualified for his job as a Dispatcher/Dock Supervisor for R & L CARRIERS within the meaning of the FCRA even in the face of the impact of MORENO's handicap because R & L CARRIERS could and should have provided MORENO with reasonable accommodation(s) in allowing Plaintiff time off and/or modified work assignments/schedules, with Defendant having—at times—provided such benefits of employment to other similarly situated employees without handicaps.

56.     Between approximately October 2018 and June 2019, R & L CARRIERS subjected MORENO to disparate treatment and discrimination which was motivated by and was because of MORENO's handicap, in violation of F.S. §760.10(1)(a), by *inter alia*: (a) harassing MORENO because of an actual or perceived handicap; (b) disciplining Plaintiff in approximately late April 2019 because of an actual or perceived handicap for the asserted reasons that Plaintiff (i) engaged in unprofessional or disrespectful conduct; and (ii) was under the influence of alcohol at work; (c) denying MORENO's request for a reasonable accommodation for Plaintiff's handicap; and (d) terminating MORENO's employment in June 2019 based upon false and/or pretextual grounds because of Plaintiff's actual or perceived handicap.

57. R & L CARRIERS knowingly and willfully engaged in conduct prohibited by the Florida Civil Rights Act against MORENO because of Plaintiff's handicap so as to discourage, dissuade and/or otherwise dishearten MORENO.

58. MORENO's handicap was a motivating factor in R & L CARRIERS' decision to terminate Plaintiff's employment in June 2019, in violation of F.S. §760.10(1)(a).

59. The reasons proffered by R & L CARRIERS in June 2019 for terminating MORENO's employment were a pretext for discrimination against MORENO because of his handicap in violation of F.S. §760.10(1)(a).

60. R & L CARRIERS' violations of F.S. §760.10 were intentional and were done with malice and reckless disregard for MORENO's rights as guaranteed under the laws of the State of Florida, such that MORENO is entitled to punitive damages from R & L CARRIERS pursuant to F.S. §760.11(5).

61. Pursuant to F.S. §760.11(5), MORENO is entitled to recover all reasonable attorneys' fees and costs from R & L CARRIERS as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, RAUL MORENO demands judgment against Defendant, R & L CARRIERS SHARED SERVICES, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, RAUL MORENO, reasserts and reaffirms the allegations of Paragraphs 1 through 32 as if fully set forth herein and further states that this is an action against R & L CARRIERS

SHARED SERVICES, LLC for Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §12203, as amended through the ADA Amendments Act of 2008, P.L. 110-325, § 2, 122 Stat. 3553.

63. The Americans with Disabilities, ADA and ADAAA, 42 U.S.C. §12203(a), provides that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter."

64. Similarly, the ADA and ADAAA also provide, 42 U.S.C. §12203(b), that it shall "be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or an account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

65. At all times material to this action, MORENO was an individual with a "disability" as defined by the ADA and ADAAA, 42 U.S.C. § 12102(1), because Plaintiff (a) suffered physical impairments that substantially limited one or more major life activities; (b) had a record of such impairments; and/or (c) was regarded by R & L CARRIERS as a person with such impairments.

66. MORENO was at all times material to this action a "qualified individual" as that term is defined by the ADA and ADAAA, 42 U.S.C. §12111(8), because Plaintiff was able to satisfactorily perform the essential functions of his job as a Dispatcher/Dock Supervisor for R & L CARRIERS between approximately October 2018 and June 2019 with or without reasonable accommodation.

67.     MORENO engaged in statutorily protected activity under the ADA and ADAAA on multiple occasions between approximately February 2019 and June 2019 by, *inter alia*, MORENO exercising or attempting to exercise or enjoy his rights under the ADA, including but not limited to: (a) objecting to the disparaging statements made by Kenny Brown and Franco about MORENO's medical conditions as part of Defendant's harassment against Plaintiff because of an actual or perceived disability; (b) verbally requesting in February 2019, March 2019, and April 2019 an accommodation for his disability; (c) submitting a written request in May 2019 for an accommodation for his disability; and (d) in June 2019, following R & L CARRIERS' denial of Plaintiff's accommodation request, communicating to Defendant's Human Resources Department that Plaintiff would try and supplement information from Plaintiff's doctor to R & L CARRIERS despite the detailed information already provided by Dr. Gonzalez on MORENO's behalf.

68.     R & L CARRIERS subjected MORENO to adverse employment actions including but not necessarily limited to: (a) disciplining Plaintiff in approximately late April 2019 for the asserted reasons that Plaintiff (i) engaged in unprofessional or disrespectful conduct; and (ii) was under the influence of alcohol at work; (b) terminating MORENO's employment in June 2019 based upon false and/or pretextual grounds because of Plaintiff's good faith objection to discrimination because of an actual or perceived disability, all because MORENO engaged in statutorily protected activity under the ADA and ADAAA.

69.     R & L CARRIERS' retaliatory actions against MORENO constitute violations of the ADA and ADAAA, which prohibits employers from discriminating against an individual because he has opposed any act or practice made unlawful under the ADA/ADAAA, 42 U.S.C. §12203(a), and also prohibits employers from coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of rights under the ADA/ADAAA on account of

him having exercised or enjoyed or attempted to exercise or enjoy such rights, 42 U.S.C. §12203(b).

70. R & L CARRIERS' termination of MORENO's employment in June 2019 was unlawful retaliation in violation of 42 U.S.C. §12203 because of Plaintiff's request for accommodations and Plaintiff's good faith objections to and complaints about R & L CARRIERS' disparate treatment and disability discrimination, in violation of the ADA.

72. The fact that MORENO engaged in activity protected by the ADA was a motivating factor in R & L CARRIERS' termination of Plaintiff's employment in June 2019, in violation of 42 U.S.C. §12203.

73. The reasons proffered by R & L CARRIERS in June 2019 for terminating MORENO's employment were a pretext for unlawful retaliation against MORENO in violation of 42 U.S.C. §12203.

74. As a direct and proximate result of R & L CARRIERS' unlawful retaliation against MORENO in violation of the ADA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial.

75. R & L CARRIERS' actions have caused and continue to cause MORENO to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. R & L CARRIERS' actions were undertaken intentionally, willfully, and maliciously with respect to, or with malice and/or reckless disregard for, MORENO's federally protected rights under the ADA, as a result of which Plaintiff is entitled to punitive damages from Defendant.

77.     Pursuant to 42 U.S.C. §12205, MORENO is entitled to recover all reasonable attorneys' fees and costs from Defendant's as a result of R & L CARRIERS' violations of the ADA's anti-retaliation provisions.

WHEREFORE, Plaintiff, RAUL MORENO demands judgment against Defendant, R & L CARRIERS SHARED SERVICES, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to reinstatement and/or front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, RAUL MORENO , reasserts and reaffirms the allegations set forth in paragraphs 1 through 32 above and further states that this is an action against R & L CARRIERS SHARED SERVICES, LLC for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

78.     Pursuant to the Florida Civil Rights Act (FCRA), F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

79.     MORENO engaged in statutorily protected activity within the meaning of the FCRA on multiple occasions between approximately October 2018 and June 2019 by, *inter alia*, (a) objecting to the disparaging statements made by Kenny Brown and Franco about MORENO's medical conditions as part of Defendant's harassment against Plaintiff because of an actual or perceived handicap; (b) verbally requesting in February 2019, March 2019, and April 2019 an accommodation for his handicap; (c) submitting a written request in May 2019 for an

accommodation for his handicap; and (d) in June 2019, following R & L CARRIERS' denial of Plaintiff's accommodation request, communicating to Defendant's Human Resources Department that Plaintiff would try and supplement information from Plaintiff's doctor to R & L CARRIERS despite the detailed information already provided by Dr. Gonzalez on MORENO's behalf.

80.     R & L CARRIERS subjected MORENO to adverse employment action and retaliation because of Plaintiff's protected activity under the FCRA, including, *inter alia*:  (a) disciplining Plaintiff in approximately late April 2019 for the asserted reasons that Plaintiff (i) engaged in unprofessional or disrespectful conduct; and (ii) was under the influence of alcohol at work, which discipline was actually because of Plaintiff's actual or perceived handicap; (b) terminating MORENO's employment in June 2019 based upon false and/or pretextual grounds because of Plaintiff's good faith objection to discrimination because of an actual or perceived handicap, all in violation of F.S. §760.10(7).

81.     R & L CARRIERS' termination of MORENO's employment in June 2019 was unlawful retaliation in violation of the Florida Civil Rights Act because of Plaintiff's request for accommodations and Plaintiff's good faith objection to R & L CARRIERS' disparate treatment and handicap discrimination, in violation of F.S. §760.10(7).

82.     The fact that MORENO engaged in activity protected by the FCRA was a motivating factor in R & L CARRIERS' termination of Plaintiff's employment in June 2019, in violation of F.S. §760.10(7).

83.     The reasons proffered by R & L CARRIERS in June 2019 for terminating MORENO's employment were a pretext for unlawful retaliation against MORENO because of an actual or perceived handicap in violation of F.S. §760.10(7).

84.     R & L CARRIERS' unlawful retaliation against MORENO was sufficiently severe and pervasive to alter the terms, conditions and privileges of MORENO's employment with R & L CARRIERS, culminating with Defendant's termination of MORENO's employment in June 2019, in violation of F.S. §760.10(7).

85.     R & L CARRIERS' violations of §760.10 were intentional and were done with malice and reckless disregard for MORENO's rights as guaranteed under the laws of the State of Florida, such that MORENO is entitled to punitive damages from R & L CARRIERS pursuant to F.S. §760.11(5).

86.     MORENO  has suffered a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of R & L CARRIERS' violations of F.S. §760.10(7).

87.     Pursuant to F.S. §760.11(5), MORENO is entitled to recover all reasonable attorneys' fees and costs from R & L CARRIERS as a result of R & L CARRIERS' violations of the FCRA.

WHEREFORE, Plaintiff, RAUL MORENO demands judgment against Defendant, R & L CARRIERS SHARED SERVICES, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

RAUL MORENO demands trial by jury on all issues so triable.


Dated:  April 23, 2020                    Respectfully submitted,

                              By:     **s/KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000

E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031
Attorneys for Plaintiff

# EXHIBIT A

**R+L CARRIERS**

*Your Global Transportation Provider*

April 22, 2019

**FOR YOUR RECORDS**

Raul Moreno
10986 SW 74th Street
Miami, FL  33173

Re:     **ADAAA Leave of Absence**

Dear Raul:

This letter is in follow up to our recent conversation regarding your leave of absence from work due to your personal medical condition.

The following forms are also enclosed: (1) *Request for ADAAA Leave of Absence*; and (2) *Certification of Health Care Provider*. You must complete the *Request* form.  Your treating physician must complete the *Certification* form. **You must return both completed forms to me within 15 days from your receipt of this letter.**  If you fail to return the completed forms within the 15-day period, your time off work will be considered an unexcused absence and you may be subject to disciplinary action, up to and including termination.

**During your leave, you must provide me with an update on your return-to-work status immediately following each appointment with your treating physician.**  You must submit written certification from your treating physician that you may return to work before you will be permitted to return to work

Should you have any questions, please feel free to contact me at 800-543-5589, extension 1353 Fax 937-655-3198.

Sincerely,



Angie Spriggs
Benefits Coordinator

---

**R+L CARRIERS**
600 Gillam Road
P.O. Box 271
Wilmington, OH 45177-0271
800.543.5589
rlc.com

**GLOBAL LOGISTICS**
315 North East 14th Street
Ocala, FL 34470
866.314.7750
rlglobal.com

Doctor



## CERTIFICATION OF HEALTH CARE PROVIDER

**TO BE COMPLETED BY THE PROVIDER**
**PLEASE PRINT ALL INFORMATION**

**Angie Spriggs/Benefits Coordinator**
**R+L Carriers Shared Svcs**
**PO Box 271 Wilmington, OH 45177**
**800-543-5589 x1353**

Employee: Raul Moreno          Position: Dispatcher

Provider Name: ____HUGO P GONZALEZ____

Provider Type of Practice/Specialty: ___PULMONARY___

Provider Business Address: __3661  S  MIAMI  AV     STE 308   MIAMI  33133__

Provider Telephone: (__305__) __856 8669__   Fax: (___)

## MEDICAL INFORMATION

Medical condition/diagnosis: __BRONCHIECTASIS  ,   HYPOTHYROIDISM__

Date the condition began: __12/2017__

Expected duration of the condition: __CHRONIC__

Date Provider began treating the condition: __FEB 11, 2019__

Date(s) of treatment by Provider for the condition: __2/11/2019    3/1/2019    5/14/2019__

Current treatment plan: __ANTIBIOTICS__
__REFER TO ENDOCRINOLOGIST  AND__
__INFECTIOUS DISEASE SPECIALIST__

Other relevant medical information: _____
__HYPOTHYROIDISM__



600 Gillam Road
P.O. Box 271
Wilmington, OH 45177-0271
800.543.5589
rlc.com



315 North East 14th Street
Ocala, FL 34470
866.314.7750
rlglobal.com

### LEAVE OF ABSENCE INFORMATION

Is the employee currently off work due to the condition? _____ Yes __✓__ No

    If yes, first date off work: _____

    Estimated return-to-work date: _____

Has the employee been off work in the past 12 months? __✓__ Yes _____ No

    If yes, first date off work: _____ *l* _____

    Return-to-work date: _____

Will the employee be off work in the future due to the condition? _____ Yes _____ No

    If yes, first date off work: _____ POSSIBLY? _____

    Estimated return-to-work date: _____

Will the employee need to work a reduced schedule because of the condition? _____ Yes __✓__ No

    If yes, specify: _____ # hours worked/day; _____ # days worked/week   NOT IF

    Start date of work schedule: _____ CONTROLLED

    End date of work schedule: _____

Will the condition cause the employee to take time off work intermittently? __✓__ Yes _____ No

    If yes, estimate: frequency _____; duration _____;

    Reason/purpose: _____ UNKNOWN _____

Other relevant information: _____

_____ CAN HAVE RECURRENT _____

_____ BRONCHO - PULMONARY INFECTION _____

THIS IS ~~AN A~~ A CHRONIC CONDITION WITH EPISODIC

FLARE UPS WITH LONG PERIODS OF LACK OF SYMPTOMS

OR DISABILITY

IT IS

_____    7/14/19

Signature of Health Care Provider      Date    TREATABLE

AND CAN

BE

CONTROLLED.

# EXHIBIT B

**R+L CARRIERS**

*Your **Global**Transportation Provider*

June 12, 2019

**FOR YOUR RECORDS**

**VIA CERTIFIED MAIL**
Raul Moreno
10986 SW 74th St
Miami, FL 33173

Re:    **ADAAA Leave of Absence**

Dear Raul:

Please be advised that your requested ADAAA leave of absence has been denied.  Additional medical documentation is needed before we can approve your request.

Should you have any questions, please feel free to contact me at 800-543-5589, extension 2303.

Sincerely,

Christy Roberts
Benefits Coordinator

*Effective 11/2018*



**R+L CARRIERS**
600 Gillam Road
P.O. Box 271
Wilmington, OH 45177-0271
800.543.5589
rlc.com



**GLOBAL LOGISTICS**
315 North East 14th Street
Ocala, FL 34470
866.314.7750
rlglobal.com

# EXHIBIT C



# PULMONARY PHYSICIANS
## OF SOUTH FLORIDA, LLC

### HUGO F GONZALEZ, MD, FCCP

DIPLOMATE AMERICAN BOARD OF INTERNAL MEDICINE AND PULMONARY DISEASES
MERCY PROFESSIONAL BUILDING
3661 SOUTH MIAMI AVENUE, SUITE 308
MIAMI, FLORIDA 33133  (305) 856-8669


PATIENT: Raul Moreno                          DATE: 6/19/19


To Whom It May Concern:


I am treating Mr. Moreno for bronchiectasis. This is a chronic condition that can cause intermittent recurrent broncho-pulmonary infections. Since I started treating him a Mycobacterial pulmonary infection has been identified.  This is amenable to treatment with antibiotics and can be cured. It usually takes 6 to 12 months to cure this infection. He has had episodic flare ups that have required absence from work. He can suffer from recurrent flare ups in the future that will cause him to take time off work intermittently. When symptom flare ups occur, the frequency and duration will be to 1 to 3 days weekly.


Sincerely:

Hugo F. Gonzalez, M.D.

# EXHIBIT D

# R+L CARRIERS

## *YOUR* Global Transportation *PROVIDER*

June 28, 2019

MAILED

Re:     Raul Moreno

To Whom It May Concern:

Raul Moreno was employed at R+L Carriers as a Full Time Dispatcher at our Miami Service Center. His employment began on October 8, 2018 and ended on June 18, 2019.

Should you need additional information, please feel free to contact the Human Resources Department at 800-543-5589.

Sincerely,

*Christy Cook*

Christy Cook
Human Resources



**R+L CARRIERS**
600 Gillam Road
P.O. Box 271
Wilmington, OH 45177-0271
800.543.5589
www.RLCarriers.com



**GLOBAL LOGISTICS**
3511 Naturally Fresh Blvd.
Suite 460
Atlanta, GA 30349
888.706.3589
www.RLGlobal.com



**R+L TRUCKLOAD SERVICES**
7290 College Parkway
Suite 200
Fort Myers, FL 33907
877.510.9133
www.RLTruckload.com

# EXHIBIT E

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER | |
|---|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | | ☐ FEPA<br>☒ EEOC | | |

| Florida Commission on Human Relations | | | and EEOC |
|---|---|---|---|
| *State or local Agency, if any* | | S.S. No. | 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 |

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* | |
|---|---|---|
| **Raul Moreno** | (786) 236-5104 | |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 10986 SW 74th Street          Miami, Florida 33173 | | 10/31/1984 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* | |
|---|---|---|---|
| **R+L Carriers Shared Services LLC** | 100+ | (800) 543-5589 | |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | | COUNTY |
| 1000 NW 209th Avenue          Pembroke Pines, Florida  33029 | | | Broward |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* | |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ AGE<br>☒ RETALIATION    ☐ NATIONAL    ☒ DISABILITY    ☐ OTHER *(Specify)*<br>          ORIGIN | EARLIEST (ADEA/EPA)          LATEST (ALL)<br>                    6/18/2019<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

In October 2018, Respondent hired me as a Dispatcher/Dock Supervisor at its Miami Service Center and my duties primarily consisted of working with Respondent's dock workers and doing the routing for nightly delivery routes. Throughout the course of my employment with Respondent, I had a chronic lung problem and medical conditions which caused occasional, periodic flare ups. Beginning in approximately mid-February 2019, I received treatment for—and I was absent from work because of—my medical conditions on a few occasions across a period of several weeks. In this regard, in approximately February 2019 I began asking Respondent about a formal leave/time off request was needed for my disability, but Respondent told me it was not needed.

By April 2019, I formally requested Respondent provide me with an accommodation for my medical conditions through intermittent leave/time off. Although it took Respondent time to provide me with paperwork in response to my accommodation request, in May 2019 I returned to Respondent completed forms from my doctor pursuant to Respondent's ADAAA leave of absence policy. However, on June 12, 2019, Respondent denied me an ADAA leave of absence or any other accommodation for my medical conditions, which leave would've entailed an occasional day off because of my medical conditions (for example, one day in a work week when I was experiencing a flare up). In addition, on a continuing basis between approximately April 2019 and June 2019, Respondent's Managers made disparaging statements about my medical conditions.

On June 17, 2019, Respondent called me and instructed me not to come to work that evening because Human Resources had not approved the paperwork related to my accommodation request. On June 18, 2019, Respondent terminated my employment because I purportedly had unexcused absences.

I believe Respondent failed to accommodate one or more disabilities/handicaps and subjected me to disparate treatment, discrimination, and retaliation based upon one or more actual and/or perceived disabilities and/or handicaps in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date  9/27/19     Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) |

EEOC FORM 5 (Test 10/94)

RECEIVED
OCT 03 2019
EEOC-MIAMI DISTRICT OFFICE

# EXHIBIT F

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue (Issued on Request)

To: **Raul Moreno**
**10986 SW 74th Street**
**Miami, FL 33173**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is* CONFIDENTIAL *(29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2020-00064** | **FLORENCIO R. OCAMPO,** Investigator | **(786) 648-5820** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nitza Santo Wright*

JAN 28 2020

Enclosures(s)

**Michael J. Farrell,**
**District Director**

*(Date Mailed)*

cc:   **Respondent Representative**
**R+L CARRIES SHARED SERVICES LLC**
c/o Anthony C. White
THOMPSON HINE, LLP
41 South High Street, Suite 1700
Columbus, OH 43215

<u>**Charging Party Representative**</u>
Keith Stern
**LAW OFFICE OF KEITH STERN**
80 SW 8th Street, Suite 2000
Miami, FL 33130

Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.